# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| LINDA GUERRERO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FCA US, LLC,<br><br>　　　　Defendant. | CV 21-03565 TJH (PVCx)<br><br><br>Order<br><br>JS-6 |

　　The Court has considered Plaintiff Linda Guerrero's motion to remand, together with the moving and opposing papers.

　　In 2019, Guerrero leased a Jeep Cherokee from Russell Westbrook Chrysler Dodge Jeep Ram ["Westbrook"]. Allegedly, during the warranty period, the Jeep Cherokee contained or developed defects.

　　On January 15, 2021, Guerrero filed this action in the Los Angeles Superior Court against Defendants FCA US, LLC ["FCA"] and Westbrook, alleging violations of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, *et seq.*, as to FCA, and breaches of the implied warranty of merchantability as to Westbrook. On April 2, 2021, Guerrero dismissed Westbrook. On April 26, 2021, FCA removed based on diversity jurisdiction. On July 9, 2021, the case was transferred to this Court.

Guerrero, now, moves to remand.

Initially, a defendant may rely on the assertions made in its notice of removal to establish subject matter jurisdiction. *See Dart Cherokee Basin Operating Co., L.L.C. v. Owens*, 574 U.S. 81, 88 (2014). However, if the plaintiff attacks the factual basis of those assertions, as Guerrero did, here, the defendant must, then, prove, by a preponderance of the evidence, that the assumptions underlying its assertions were reasonable. *See Harris v. KM Industrial, Inc.*, 980 F.3d 694, 701 (9th Cir. 2020). FCA is not, necessarily, required to submit evidence to support its assumptions. *See Harris*, 980 F.3d at 701. FCA may rely on its assumptions, alone, or, may show their reasonableness with competent evidence. *See Harris*, 980 F.3d at 701. Competent evidence must meet "the same evidentiary standard that governs in the summary judgment context." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citations omitted). If FCA does not provide competent evidence, it must establish that its assumptions were "founded on the allegations of the complaint." *See Arias*, 936 F.3d at 925. Guerrero bears no burden, here, to introduce any evidence. *See Harris*, 980 F.3d at 700.

In her Superior Court complaint, Guerrero alleged that her damages were not less than $25,001.00, but she did not allege how she reached that number. Guerrero did not allege the financial details of her lease, or the number or amount of lease payments she made. Further, Guerrero did not attach a copy of her lease as an exhibit to her complaint. In her motion to remand, Guerrero argued that her demand of not less than $25,001.00 included her actual damages, civil penalties under Song-Beverly, punitive damages, and attorney's fees, but, again, she did not explain how she reached that number.

In its notice of removal, FCA asserted that the amount in controversy exceeded $75,000.00, and that it was based on the following: (1) Guerrero made lease payments of $23,456.56 as of the date of removal, and she would be entitled to recover those payments from FCA if she prevails; (2) Guerrero would be entitled to recover a Song-

Beverly civil penalty of $46,913.12 – two times the amount of the lease payments she made, or; (3) Punitive damages of $211,109.04, based on multiplying Guerrero's lease payments by 9; and (4) Guerrero's anticipated attorney's fees of at least $35,000.00. Based on FCA's arguments, the amount of Guerrero's lease payments is the foundation of its calculation of the amount in controversy.  However, because of the lack of details alleged in the complaint, FCA's assumptions in its notice of removal must, now, be established with competent evidence.  *See Arias*, 936 F.3d at 925.

FCA submitted a copy of Guerrero's lease in support of its motion to compel arbitration, which was denied by the Superior Court.  The lease was authenticated by a declaration from Westbrook's controller, but that declaration did not provide any additional financial details, such as whether the lease payments were, actually, made.  A copy of the motion to compel was attached as an exhibit to FCA's notice of removal.

To establish the amount of lease payments Guerrero made in connection with its notice of removal, FCA provided a declaration from one of its attorneys of record, Andres F. Michel, as an exhibit to its notice of removal.  Michel declared that he reviewed Guerrero's lease to determine that the total of the payments due under the lease was $26,925.40, and that Guerrero would be entitled to recover $23,456.56 in base damages, here, based on her payments through the date of removal.  It appears that Michel calculated Guerrero's lease payments by referencing only the lease.  Neither Michel nor FCA provided, or relied upon, accounting records or any other competent evidence to establish Guerrero's base damages amount to the evidentiary standard that governs summary judgments.  *See Leite*.

Accordingly,

It is Ordered that the motion to remand be, and hereby is, Granted.

Date: March 11, 2022

Terry J. Hatter, Jr.
Senior United States District Judge